IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEKORRIE K BELL,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 2:20-cv-01200-ACA |
| ] | |
| **BIRMINGHAM BOARD OF** ] | |
| **EDUCATION, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

Before the court is Plaintiff DeKorrie Bell's amended complaint, which asserts claims of obstruction of justice, hindering prosecution, and negligence against Defendant Birmingham Board of Education. (Doc. 7).

Because the amended complaint does not assert any federal claims, the court lacks federal question jurisdiction over the case. Moreover, the amended complaint does not assert or show that the court has diversity jurisdiction. Accordingly, the court **WILL DISMISS** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### I.   BACKGROUND

Ms. Bell filed an initial complaint against Defendant Birmingham Board of Education and Defendant Carver Washington High School, alleging claims of discrimination, obstruction of justice, violations of her civil rights, hindering

prosecution, and "gender equality," based on her expulsion in 1998 for using the female restroom at school. (Doc. 1 at 2–3, 5). The magistrate judge granted Ms. Bell's application to proceed *in forma pauperis*, but, noting that the complaint appeared to assert claims barred by the statute of limitations, ordered her to file an amended complaint. (Doc. 6). Ms. Bell's amended complaint supersedes her initial complaint. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007).

Ms. Bell's amended complaint names only the Birmingham Board of Education as a defendant, and asserts as claims (1) obstruction of justice, (2) hindering prosecution, and (3) negligence. (Doc. 7 at 1–3, 12). She alleges that she was not hired for a job for which she had applied because she was unable to acquire verification of schooling from the Birmingham Board of Education or Carver High School due to their filing system. (Doc. 7 at 9). She also refers to a federal case that affected her custody and led to a sexual assault. (*Id*. at 8).

## II.   DISCUSSION

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "have an independent obligation to determine whether subject-matter jurisdiction exists, even if no party raises the issue," *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042 (11th Cir. 2008) (en banc) (quotation marks omitted).

The court has subject matter jurisdiction over actions that "arise under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or that satisfy the requirements of diversity jurisdiction, *id.* § 1332(a). In this case, Ms. Bell asserts only that the court has federal question jurisdiction; she does not attempt to assert the existence of diversity jurisdiction. (Doc. 7 at 3). But she has not alleged a claim arising under the Constitution, laws, or treaties of the United States. Instead, she asserts only claims arising under state law: claims of obstruction of justice, hindering prosecution, and negligence. Those claims cannot support federal question jurisdiction. *See* 28 U.S.C. § 1331.

Moreover, although Ms. Bell makes one passing reference to her due process rights (*see* doc. 7 at 9), she repeatedly indicates that her claims are for obstruction of justice, hindering prosecution, and negligence, and she does not indicate that she is attempting to assert a due process claim (*see id.* at 3, 9, 12; *see also* doc. 14). Even if Ms. Bell did attempt to assert a due process claim, she has not set out any facts that could plausibly support a due process claim. *See Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (stating that a court may dismiss a federal claim for lack of subject matter jurisdiction if the "claim is wholly insubstantial and frivolous" and "has no plausible foundation") (quotation marks omitted).

The claims asserted in the amended complaint do not arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Nor does the amended complaint provide any other basis to find the existence of subject matter jurisdiction. *See id.* §§ 1332(a), 1367(a) (permitting the court to exercise supplemental jurisdiction only if the court has original jurisdiction over some part of the action). Accordingly, the court **WILL DISMISS** this action for lack of subject matter jurisdiction.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this October 14, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE